UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHERRY LYNN HENSLEY,

        Plaintiff,

v.                                Case No. 1:14-cv-1227
                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI).

Plaintiff was born in 1969. PageID.199. She completed one year of college and had previous employment as a telemarketer, a cook, a maid (housekeeper), an assembler, a packer, and an injection mold operator. PageID.41, 204, 217. Plaintiff alleged a disability onset date of January 1, 2000. PageID.199. She identified her disabling conditions as bipolar disorder, severe depression, anxiety, panic disorder and lower back pain. PageID.203. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 13, 2013. PageID.35-45.

In reaching this determination the ALJ noted that a prior decision dated August 3, 2011 by ALJ McGuire, found that plaintiff had not been under a disability since February 23, 2010, the date she filed the earlier claim. PageID.35. The ALJ noted that although plaintiff alleged a

different onset date in the current application, the prior findings concerning her residual functional capacity (RFC) and other findings required under the applicable sequential evaluation process for determining disability were binding absent evidence of an improvement or change in condition since the prior hearing. *Id.* In addition, the prior finding concerning plaintiff's past relevant work was also binding absent new and material evidence relating to such a finding. *Id.* This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.   ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since her SSI application date of February 7, 2012. PageID.37. At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of thoracic and lumbar spine, migraine headaches, depression, an anxiety disorder, and history of alcohol/substance abuse. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.38.

The ALJ decided at the fourth step that:

[T]he claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 416.967(b). The claimant can lift or carry 20 pounds occasionally and 10 pounds frequently. In an eight-hour work day, the claimant can sit, stand or walk all for at least six hours; and requires a sit/stand option that would enable her to change position every 20 to 30 minutes. She is limited to only occasional climbing ladders, ropes, scaffolds, ramps or stairs; can only occasionally balance, stoop, kneel, crouch, crawl, squat, or bend, twist, or turn at waist; must

> avoid all exposure to dangerous or unprotected machinery or work at unprotected heights; and can never use air, power, torque, pneumatic or vibratory tools.  In addition, the claimant is limited to simple unskilled work with an SVP rating of 1 or 2, and is able to understand, remember and carry out only short, simple instructions.

PageID.40.  The ALJ found that plaintiff is capable of performing her past relevant work as a packer, work which does not require the performance of work-related activities precluded by plaintiff's RFC. PageID.43.  Accordingly, the ALJ determined that plaintiff has not been under  a disability, as defined in the Social Security Act, since February 7, 2012, the date the application for SSI was filed. PageID.44-45.

### III.  ANALYSIS

Plaintiff did not include a Statement of Errors as directed by the Court.  *See* Notice (docket no. 8).  Upon reviewing the brief, the Court has gleaned three issues for consideration on appeal.

> **A.    Did the ALJ fail to comply with 20 C.F.R. § 416.927 in not according adequate weight to the opinion of  plaintiff's treating physician, David Lyman, M.D.?**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records."  *Barker v. Shalala*, 40 F.3d

5

789, 794 (6th Cir. 1994).  *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Lyman's opinion as follows:

I give little, if any weight, to the March 2013 assessment of David Lyman, M.D. (Exhibit B8F) since the restrictions found therein, which the vocational expert testified would be work preclusive, appear overstated and are not supported by treatment records from Dr. Lyman or the other medical evidence of record.

PageID.42.  In evaluating a treating physician's opinion, the ALJ is not required to perform "an exhaustive factor-by-factor analysis."  *Francis v. Commissioner of Social Security Administration*, 414 Fed. Appx. 802, 804 (6th Cir. 2011).  However, in this case, the ALJ's decision does not address either the substance of Dr. Lyman's March 13, 2013 opinion, PageID.349-352, or the doctor's

underlying treatment notes.  Based on this record, the ALJ has not given good reasons for the weight assigned to Dr. Lyman's opinion.  *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 416.927(c)(2).  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Lyman's opinion.

> **B.    Did the ALJ commit reversible legal error in failing to discuss the side effects from plaintiff's medications on her ability to work?**

In evaluating the intensity and persistence of a claimant's symptoms and determining the extent to which those symptoms limit a claimant's capacity for work, the Commissioner considers various factors, including "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms."  20 C.F.R. § 416.929(c)(3)(iv).  Allegations of a medication's side effects must be supported by objective medical evidence.  *See Essary v. Commissioner of Social Security*, 114 Fed. Appx. 662, 665-66 (6th Cir. 2004) (where plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she suffered no side effects where her medical records contain no such reported side effects to her physicians).  Here, the ALJ considered the medication side effects, noting plaintiff's statement that "she takes prescription medications every day, which cause her to feel groggy and tired." PageID.41.  Plaintiff did not point to medical records which demonstrate that she addressed alleged, disabling side effects with her physicians.  Accordingly, plaintiff's claim of error is denied.

> **C.    Were the ALJ's credibility findings supported by the substantial evidence of record?**

An ALJ may discount a claimant's credibility where the ALJ  "finds contradictions among the medical records, claimant's testimony, and other evidence."  *Walters*, 127 F.3d at 531.

7

"It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ summarized plaintiff's claims as follows:

> She described experiencing pain in her low back and left side into her leg, all the way to her foot. The claimant testified to using a transcutaneous electrical nerve stimulation (TENS) unit for the last two year, as well as a heating pad at night. Additionally, the claimant stated she takes prescription medications every day, which cause her to feel groggy and tired. The claimant testified that while her boyfriend always wants to go on walks, she can only walk for about half a block before she has to stop and sit down. She testified to having problems lifting more than ten pounds, bending to pick things up and negotiating stairs.

> As for her emotional issues, the claimant denied that she receives any mental health treatment. She testified her family doctor prescribes medications for her reported symptoms of anxiety and panic attacks, but indicated she has no plans to find a counselor or psychologist.

The claimant also testified to experiencing migraine headaches, which she described as occurring three or four times per week during which she feels sweaty, vomits, and stays in bed with a cold washcloth on her head.  She stated she takes medications for her headaches.

PageID.41.

The ALJ provided a lengthy evaluation of plaintiff's credibility:

The claimant's allegations regarding her impairments and the limitations they cause are not fully supported by the medical evidence, and are found credible only to the extent that they are consistent with the RFC adopted.  The claimant described a range of activities - including housework, grocery shopping and caring for her nine-year-old daughter - that are not consistent with a finding of total disability.

The claimant's pain allegations are not fully credible in light of the medical evidence.  While the claimant has complained that her pain level appears to be increasing, with constant pain, the objective findings have not changed significantly since ALJ McGuire's hearing and decision in the summer of 2011.  Her condition does not show deterioration or any additional medical difficulties.  To the contrary, a careful review of the objective medical evidence supports the findings the claimant's physical condition has stabilized and no physician has recommended that the claimant proceed with more than conservative treatment.

As for the claimant's allegedly disabling bipolar disorder, anxiety and depression, when a claimant alleges a condition severe enough to be disabling, there is a reasonable expectation that claimant will seek examination and treatment.  The claimant's failure to seek a mental health examination and treatment for her alleged emotional symptoms reflects poorly on her credibility and her assertions that her mental impairments are disabling.  If the claimant were having the level of functional complaints as alleged in the hearing, one would expect consistent compliance with recommended treatment modalities to treat an ongoing condition.  Her failure to do so reflects negatively on her credibility in this regard.

The claimant testified she has not used drugs since she was a teenager.  However, she admitted just last August to abusing "methadone or whatever she can get her hands on, including Ultram." (Ex B4F/2).

PageID.42.

The ALJ has pointed out a number of reasons why plaintiff's claims are not credible.

Nevertheless, the Court concludes that this matter requires a remand for two reasons.  First, the

credibility determination is not supported by substantial evidence to the extent it is based upon the ALJ's evaluation of Dr. Lyman's opinion. *See* PageID.42 (the ALJ discounted plaintiff's credibility in part because the "allegations regarding her impairments and the limitations they cause are not fully supported by the medical evidence"). Second, there is an apparent inconsistency in the decision. As discussed, the ALJ found that "[w]hile the claimant has complained that her pain level appears to be increasing, with constant pain, the objective findings *have not changed significantly* since ALJ McGuire's hearing and decision in the summer of 2011." PageID.42. However, the ALJ later stated that "[t]he claimant's physical and mental impairments *have changed significantly* since ALJ McGuire's hearing in June 2011." *Id.* This inconsistency should be addressed on remand. Accordingly, this issue should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should also re-evaluate plaintiff's credibility to the extent it is affected by the matters addressed in Dr. Lyman's opinion and to address the inconsistency on PageID.42.

## IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate Dr. Lyman's March 13, 2013 opinion, to re-evaluate plaintiff's credibility to the extent it is affected by the matters addressed in Dr. Lyman's opinion, and to address the inconsistency on PageID.42. A judgment consistent with this opinion will be issued forthwith.

Dated: March 24, 2016                         /s/ Ray Kent_____
                                              RAY KENT
                                              United States Magistrate Judge

10